Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
sweerasuriya@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> RON TEEGUARDEN ENTERPRISES, INC. DBA DRAGON HERBS, and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> The Fair and Accurate Credit Transactions Act <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Jason Alan ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

///

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of RON TEEGUARDEN ENTERPRISES, INC. DBA DRAGON HERBS ("Defendant"), in negligently, knowingly, and/or willfully including credit card expiration dates on purchase receipts provided to Plaintiff and those consumers who are similarly situated, in violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. Section 1681(c)(g)(1) thereby failing to protect consumer credit information.

## JURISDICTION & VENUE

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b).

3. Jurisdiction is also proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business in California, and State of Incorporation in Delaware state. Plaintiff also seeks $1000.00 in damages for each illegal receipt, in violation of the FACTA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Los Angeles County.

## PARTIES

5. Plaintiff, JASON ALAN ("Plaintiff"), is a natural person residing in

California and is a "consumer" as defined by *15 U.S.C. § 1681a.*

6. Defendant, RON TEEGUARDEN ENTERPRISES, INC. DBA DRAGON HERBS ("Defendant), is a person that accepts credit cards or debit cards for the transaction of business within the meaning of the FACTA and is a "person" as defined by 15 U.S.C. §1681a

7. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**FACTUAL ALLEGATIONS**

9. On or around July 30, 2014, Plaintiff went to Defendant's store and purchased two items from Defendant. Plaintiff purchased these items with a Credit Card ending in -6872.

10. Defendant then handed Plaintiff an electronically-generated register receipt which displayed Plaintiff's credit card expiration date, in direct violation of FACTA.

11. In relevant part, FACTA provides that:

      a) … no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the card holder at the point or transaction of sale. (15 U.S.C. Section 1681c(g)(1).)

12. By printing the expiration date of Plaintiff's credit card on his receipt, Defendant has violated this provision of the statute.

13. Defendant's actions constitute an irresponsible disregard for Plaintiff's and similarly situated consumers' credit information.

14. Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agents of Defendant handled many of these receipts and were aware that these receipts included the expiration dates of its customers credit and/or debit cards.

15. It has been approximately twelve (12) years since the FACTA was originally passed to supplement the Fair Credit Reporting Act and has required compliance for all cash registers since December 4, 2006[1] .

16. Those in the industry of engaging in consumer transactions have to incorporate the costs of legal liability into their overhead in order to obtain reasonable profits and margins, giving a strong incentive for those in the industry to obtain some understanding of the laws governing these consumer transactions, such as the FACTA.

17.  This is necessary for the fruition of the purpose of the statute to provide those engaging in consumer transactions and handling sensitive information to enact reasonable policies "to prevent identity theft, improve resolution of consumer disputes, improve the accuracy of consumer records, make

---

[1] *See 15 U.S.C.A. § 1681c.*

CLASS ACTION COMPLAINT
-4-

improvements in the use of, and consumer access to, credit information, and for other purposes."[2]

18. Accordingly, knowledge of the act has become more and more common place with many people posting popular online articles about the act.[3]

19. The act has assimilated itself within the industry with the majority of businesses complying with the statute.

20. Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agents of Defendant knew and should have known that they were engaging in the systematic illegal practice described above.

21. Foreseeing that the widespread knowledge of the act would come into effect at before the present time and at least at the present time, FACTA was enacted with a provision stating that it would only be until June 3, 2008 whereby it would not be willful compliance to print out an expiration date on a receipt provided to a consumer cardholder at the point of a sale and/or transaction *15 U.S.C. 1681n(d)*; implying that after June 3, 2008 this *would* constitute willful noncompliance.

22. There are costs associated with compliance with the FACTA, including buying new cash registers and/or paying an expert to come change the program that prints receipts in order to comply with the provisions of the FACTA.

23. Defendant benefits from failing to comply with the provision of the FACTA in this way to the determinant of Plaintiff and Class members.

24. Plaintiff is informed, believes, and thereupon alleges that Defendant and/or agents of Defendant willfully engaged in the systematic illegal practice described above.

---

[2] http://www.gpo.gov/fdsys/pkg/PLAW-108publ159/pdf/PLAW-108publ159.pdf.
[3] *http://www.acc.com/legalresources/quickcounsel/tfaacta.cfm; http://www.investopedia.com/terms/f/facta.asp; and http://searchfinancialsecurity.techtarget.com/definition/FACTA.*

## CLASS ALLEGATIONS

25. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit card or debit card.

26. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States to whom Defendants provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring nationwide within two years of filing the complaint, and wherein the receipt displayed (a) more than five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit card or debit card.

27. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

28. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

29. Plaintiff and members of The Class were harmed by the acts of

Defendant in at least the following ways: Defendant illegally printed out sensitive information of Plaintiff and Class members and disseminated it where it could be easily spotted in disregard of their duty to protect this information.

30. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Whether, within the two years prior to the filing of this Complaint, Defendant printed out the last five digits and/or the expiration date of Plaintiff's and the Class member's credit cards at the point of the sale and/or transaction;

b. Whether Defendant knew or should have known that the receipts were printed out with the last five digits and/or the expiration date of Plaintiff's and the Class member's credit cards and/or debit cards at the point of the sale and/or transaction.

c. Whether Defendant knew, should have known that the FACTA required that Defendant not print out receipts with the last five digits and/or the expiration date of Plaintiff's and the Class Member's credit cards and/or debit cards at the point of the sale and/or transaction.

d. Whether Defendant willfully failed to comply with these provisions of FACTA.

e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

f. Whether Defendant should be enjoined from engaging in such

conduct in the future.

31. As a person that received a receipt at the point of the sale and/or transaction with Plaintiff's credit card expiration date, Plaintiff is asserting claims that are typical of The Class.

32. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

## FIRST CAUSE OF ACTION

**Negligent Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FACTA, including but not limited to the above cited provisions of *15 U.S.C. Section 1681c(g)(1)*.

38. As a result of Defendant's negligent and willful violations *15 U.S.C. Section 1681c(g)(1),* Plaintiff and the Class Members are entitled to actual damages and reasonable attorneys fees and costs, pursuant to *15 U.S.C. Section 1681o*.

39. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing violations of the FACTA, including but not limited to the above cited provisions of *15 U.S.C. Section 1681c(g)(1)*.

42. As a result of Defendant's knowing violations of *15 U.S.C. Section 1681c(g)(1)*, Plaintiff and the Class members are entitled an award of $1,000.00 in statutory damages or actual damages, whichever is greater, for each and every violation, pursuant to *15 U.S.C. Section 1681n(b)(1)*.

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Willful Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple willful violations of the FACTA, including but not limited to the above cited provisions of *15 U.S.C. Section 1681c(g)(1)*.

46. As a result of Defendant's willful violations of *15 U.S.C. Section 1681c(g)(1)*, Plaintiff and the Class members are entitled an award of up to $1,000.00 in statutory damages or actual damages, punitive damages, and reasonable attorneys fees and costs, for each and every violation, pursuant to *15 U.S.C. Section 1681n(a)*.

47. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

- As a result of Defendant's negligent violations of *15 U.S.C. Section 1681c(g)(1),* Plaintiff and the Class members are entitled to actual damages, for each and every violation, pursuant to *15 U.S.C. Section 1681o*;
- Injunctive relief; and
- Any and all other relief that the Court deems just and proper.

///

///

## SECOND CAUSE OF ACTION

**Knowing Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

- As a result of Defendant's knowing violation of *15 U.S.C. Section 1681c(g)(1)*, Plaintiff and the Class members are entitled to and request damages, as provided by statute of actual damages or statutory damages, for each and every violation, pursuant to *15 U.S.C. Section 1681n(b)(1)*;
- Reasonable attorneys fees and costs, *15 U.S.C. Section 1681n(b)(1);*
- Injunctive relief; and
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Willful Violations of the Fair and Accurate Credit Transactions Act**

**15 U.S.C. Section 1681c(g)(1)**

- As a result of Defendant's willful violation of *15 U.S.C. Section 1681c(g)(1)*, Plaintiff and the Class members are entitled to and request damages, actual and/or as provided by statute, up to $1,000, for each and every violation, pursuant to *15 U.S.C. Section 1681n(a)(1);*
- Punitive Damages, pursuant to *15 U.S.C. Section 1681n(a)(2);*
- Reasonable attorneys fees and costs, pursuant to *15 U.S.C. Section 1681n(a)(3);*
- Injunctive relief; and
- Any and all other relief that the Court deems just and proper.

///
///
///
///
///

**Plaintiff Respectfully Requests A Jury Trial In This Matter.**

Respectfully Submitted this 12th Day of September, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff